433 F.2d 351
 Walter L. WARFIELD, Plaintiff-Appellant,
v.
ARKANSAS-BEST FREIGHT SYSTEM, INC., Defendant-Appellee.
Shilo BROWN, Jr., Plaintiff-Appellant,
v.
ARKANSAS-BEST FREIGHT SYSTEM, INC., Defendant-Appellee.
 No. 29653 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 October 19, 1970.
 
 John W. Prewitt of Prewitt, Braddock & Vance, Vicksburg, Miss., for plaintiff-appellant; W. M. Conerly, Vicksburg, Miss., Jack Young, Jackson, Miss., of counsel.
 Roger C. Landrum and W. Scott Welch, III, Jackson, Miss., for defendant-appellee; Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., Ellis B. Bodron, of Ramsey, Bodron & Thames, Vicksburg, Miss., of counsel.
 Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 These appeals arise out of diversity suits for damages wherein jury verdicts were rendered for defendant. The cases were consolidated for trial and appeal. Appellants contend that the court erred in not having granted their motions for judgment notwithstanding the verdicts or, in the alternative, motions for new trial. We affirm.
 
 
 2
 The motions are predicated on the claim that the evidence was insufficient to support the verdicts in each of the cases. The record demonstrates that Ellis Brown was killed and Walter Warfield injured when the automobile in which they were riding and which was being driven by Brown, collided with the trailer portion of a tractor trailer owned by defendant on U. S. Highway 80 By-Pass near Vicksburg, Mississippi at 11:30 p. m. The tractor trailer was pulling into the highway from a side road after having stopped at a stop sign.
 
 
 3
 The facts presented typical jury questions. There was evidence from which the jury could have found that the driver of the truck was negligent in pulling into the highway at the time. On the other hand, there was also evidence that the automobile was being driven at a high rate of speed and without lights. These facts and others of record were more than ample to take the case to the jury and it was not error to deny the motions in question. See Boeing Company v. Shipman, 5 Cir., 1969, 411 F.2d 365, 374, 375, on the standard employed in the federal courts for determining whether the evidence in a given case creates questions for the jury.
 
 
 4
 In addition, we conclude that the argument and interrogation of witnesses by counsel for the defendant did not constitute prejudicial error as claimed.
 
 
 5
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I